IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 18 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| ERICKA PEARSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 2:17-CV-144-KS-MTP |
| | * |
| WAL-MART STORES, INC., d/b/a SAM'S | * |
| CLUB; SAM'S EAST, INC.; WAL-MART | * |
| ASSOCIATES, INC.; WAL-MART | * |
| STORES EAST, LP; AND JOHN DOES 1-3 | |
| | * |
| Defendants. | * |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Defendants, WAL-MART STORES, INC., SAM'S CLUB, SAM'S EAST, INC., WAL-MART ASSOCIATES, INC., and WAL-MART STORES EAST, L.P., hereinafter collectively known as "SAM'S"), give notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Lamar County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. As grounds for this removal, Defendants show as follows:

1.   An action was commenced against SAM'S in the Circuit Court of Lamar County, Mississippi, entitled *"Ericka Pearson,* Pla*intiff v. Wal-Mart Stores Inc., d/b/a Sam's Club, Sam's East, Inc., Wal-Mart Associates, Inc., Wal-Mart stores east, LP, and John Does 1-3"* Civil Action No. 37:17-CV-0070. The complaint attached hereto as "Exhibit A" was filed in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Lamar County, Mississippi, service of the initial pleading setting forth Plaintiff's claims for relief was affected upon all defendants on August 4, 2017, which was SAM'S first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Eastern Division, within thirty days of receipt by the Defendants of the initial pleading setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b)(1). The Circuit Court of Lamar County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Mississippi. In her Complaint, Plaintiff states that she is a resident of Mississippi. (Complaint, ¶ 1.)

6. Wal-Mart Stores, Inc. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a publicly traded company incorporated under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Associates, Inc. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., and organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a

Delaware limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas. Defendant Sam's East, Inc., is now and was at the commencement of this action, organized under the laws of the State of Arkansas, with its principal place of business in Arkansas.

7. The presence of fictitious party defendants in this case has no bearing on diversity with respect to removal. "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (c).

8. Plaintiff's Complaint seeks compensatory and punitive damages for personal injuries Plaintiff allegedly sustained when she tripped in the parking lot at SAM'S (Complaint, ¶ 34 and unnumbered paragraph following¶ 34.) "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84-85(5th Cir. 1993); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)). Diversity is complete, and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.

9. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

10. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Lamar County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

10. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this August 17, 2017.

_____
W. PEMBLE DELASHMET MS 8840
wpd@delmar-law.com
CHAD C. MARCHAND MS 102752
ccm@delmar-law.com
MIGNON M. DELASHMET MS 2896
jam@delmar-law.com
Attorneys for Defendants

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day August 17, 2017 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Matt Newman, Esq.
Williams, Newman, Williams, PLLC
Post Office Box 23785
Jackson, MS 39225


_____
OF COUNSEL