IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ERICKA PEARSON                                                    PLAINTIFF

vs.                                       CIVIL ACTION NO. 37.17CR0070

WAL-MART STORES, INC. d/b/a
SAMS CLUB; SAM'S EAST, INC.;
WAL-MART ASSOCIATES, INC.;
WAL-MART STORES EAST, LP;
AND JOHN DOES 1-3                                                 DEFENDANTS

## COMPLAINT
{Jury Trial Requested}

COMES NOW the Plaintiff, Ericka Pearson, by and through Counsel undersigned, and files this Complaint against the Defendants, Wal-Mart Stores Inc. d/b/a Sams Club (hereinafter referred to as "Sams Club"), Sam's East, Inc., Wal-Mart Associates, Inc., Wal-Mart Stores East, LP and John Does 1-3 and in support thereof, would respectfully show unto the Court the following:

### PARTIES

1.

The Plaintiff, Ericka Pearson, is a resident citizen of Laurel, in Jones County, Mississippi.

2.

Defendant, Wal-Mart Stores Inc. d/b/a Sams Club, is a foreign corporation licensed to do business in the state of Mississippi with its principal office located in Bentonville, Arkansas 72716-555 and who may be served with process through its registered agent for process CT Corporation System at 645 Lakeland East Dr., Suite 101, Flowood, MS 39232.





FILED
LAMAR COUNTY   JUL 24 2017   CIRCUIT CLERK


## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ERICKA PEARSON                                                                       PLAINTIFF

vs.                                          CIVIL ACTION NO._____

WAL-MART STORES, INC. d/b/a
SAMS CLUB; SAM'S EAST, INC.;
WAL-MART ASSOCIATES, INC.;
WAL-MART STORES EAST, LP;
AND JOHN DOES 1-3                                            DEFENDANTS

### COMPLAINT
{Jury Trial Requested}

COMES NOW the Plaintiff, Ericka Pearson, by and through Counsel undersigned, and files this Complaint against the Defendants, Wal-Mart Stores Inc. d/b/a Sams Club (hereinafter referred to as "Sams Club"), Sam's East, Inc., Wal-Mart Associates, Inc., Wal-Mart Stores East, LP and John Does 1-3 and in support thereof, would respectfully show unto the Court the following:

### PARTIES

1.

The Plaintiff, Ericka Pearson, is a resident citizen of Laurel, in Jones County, Mississippi.

2.

Defendant, Wal-Mart Stores Inc. d/b/a Sams Club, is a foreign corporation licensed to do business in the state of Mississippi with its principal office located in Bentonville, Arkansas 72716-555 and who may be served with process through its registered agent for process CT Corporation System at 645 Lakeland East Dr., Suite 101, Flowood, MS 39232.

FILED

LAMAR COUNTY    JUL 24 2017    CIRCUIT CLERK

3.

Defendant, Sam's East, Inc., is a foreign corporation licensed to do business in the state of Mississippi with its principal office located in Littlerock, Arkansas 722201 and who may be served with process through its registered agent for process CT Corporation System at 645 Lakeland East Dr., Suite 101, Flowood, MS 39232.

4.

Defendant Wal-Mart Associates, Inc., is a foreign corporation licensed to do business in the state of Mississippi with its principal office located in Littlerock, Arkansas 722201 and who may be served with process through its registered agent for process CT Corporation System at 645 Lakeland East Dr., Suite 101, Flowood, MS 39232.

5.

Defendant Wal-Mart Stores East LP, is a foreign corporation licensed to do business in the state of Mississippi with its principal office located in Littlerock, Arkansas 722201 and who may be served with process through its registered agent for process CT Corporation System at 645 Lakeland East Dr., Suite 101, Flowood, MS 39232.

6.

John Does 1-3 are entities and/0or other individuals, including but not limited to, employees, agents, owners and operators of Sams Club in Hattiesburg, Mississippi, who are liable to Plaintiff and who maintained authority and discretion regarding the maintenance of, control of, or standards for the safety procedures of Sams Club.

FILED
LAMAR COUNTY JUL 24 2017 CIRCUIT CLERK

**JURISDICTION**

7.

Venue for this Cause properly lies in the Lamar County, Mississippi, for the reason that

one of the Defendants is located or may be found in Lamar County, Mississippi, and the accident that forms the basis of this Complaint occurred in Lamar County, Mississippi.

8.

At all pertinent times, Defendants owned, possessed, controlled, and/or managed or provided security for the Sam's Club located at 6080 US-98 in Hattiesburg, Mississippi.

9.

On or about, August 1, 2014, Plaintiff was a guest of Sam's Club in Hattiesburg, Mississippi located at 6080 US-98 in Hattiesburg, Mississippi. Plaintiff was walking out of the store when she slipped on water which was coming out of a drain located on the side of the building. Defendants did not have this area marked for caution and presented an unknown danger to the Plaintiff. Defendants were aware or should have been aware that this condition existed, but failed to taken any measures to dry the floor or to warn of the hidden danger.

10.

Plaintiff received injuries including, but not limited to her back, left leg, left knee and other injuries to her muscular, skeletal, and nervous systems.

11.

Contributing and/or proximate factors or causes of the injuries of the Plaintiff include, but are not limited to, the Defendant's failure to maintain a safe environment, to maintain their property in a manner which is reasonably safe for public use, reasonable care in hiring and retention of competent and safety-oriented employees. Defendants were negligent in the duties to hire and retain employees, to properly train their employees in the duty to maintain a safe environment for invitees in order to protect those invitees from injuries, including that suffered by the Plaintiff.

FILED
LAMAR COUNTY   JUL 24 2017   CIRCUIT CLERK

## NEGLIGENCE OF WAL-MART STORES, INC. d/b/a SAM'S CLUB

12.

Plaintiff adopts by reference the foregoing paragraphs as fully set forth herein.

FILED
LAMAR COUNTY JUL 24 2017 CIRC CLE[

13.

Contributing and/or proximate factors or causes of the serious injuries of the Plaintiff caused by the negligence of Defendant Sam's Club include, but are not limited to, the failure to maintain their property in a manner which is reasonably safe for public use; failure to inform guests including Plaintiff of the unsafe area where she slipped by means of markings and/or caution of any type; failure to hire and maintain an inadequate amount of personnel; failure to hire, supervise and maintain proper safety on the property; failure of the proper owner to provide adequate instruction and supervision of the floor crew as well as management and employees, and creating and enabling the unsafe conditions of the Sam's Club property in general; failure to adequately maintain and perform safety on the property; allowing the walkways to be inadequately safe, maintained, monitored, cleaned, and failed to instruct its employees to check the walkways for any faults; failure to place a warning cone or warning sign or provide a warning to guests in the area of the water on the walkway; failure to follow its policy and procedure regarding cleaning, maintenance and monitoring the floors for defects and/or liquids; strict liability; negligence per se; negligence based upon reasonable foreseeability; and negligence based on assumption of duty. Plaintiff asserts any other act of negligence that may apply and exist but has not been discovered at this time but may be discovered during discovery.

14.

Defendant was negligent in that it did not maintain the walkway surface in a safe condition, did not properly warn Plaintiff of the unreasonably dangerous condition on the floor,

did not properly inspect the walkway for hazardous conditions, or take steps to correct the dangerous condition.

15.

Defendant knew or in the exercise of reasonable care, should have known that Plaintiff would be subject to accident and injury from the condition on the walkway. Plaintiff was without notice and unaware of the fact said walkway was dangerous. Plaintiff used due care for her own safety when on Defendants' property, and in no manner contributed to the accident.

## NEGLIGENCE OF SAM'S EAST, INC.

16.

Plaintiff adopts by reference the foregoing paragraphs as fully set forth herein.

17.

Contributing and/or proximate factors or causes of the serious injuries of the Plaintiff caused by the negligence of Defendant Sam's East include, but are not limited to, the failure to maintain their property in a manner which is reasonably safe for public use; failure to inform guests including Plaintiff of the unsafe area where she slipped by means of markings and/or caution of any type; failure to hire and maintain an inadequate amount of personnel; failure to hire, supervise and maintain proper safety on the property; failure of the proper owner to provide adequate instruction and supervision of the floor crew as well as management and employees, and creating and enabling the unsafe conditions of the Sam's Club property in general; failure to adequately maintain and perform safety on the property; allowing the walkways to be inadequately safe, maintained, monitored, cleaned, and failed to instruct its employees to check the walkways for any faults; failure to place a warning cone or warning sign or provide a warning to guests in the area of the water on the walkway, failure to follow its policy

FILED
LAMAR COUNTY   JUL 24 2017   CIRCUIT CLERK

and procedure regarding cleaning, maintenance and monitoring the floors for defects and/or liquids; strict liability; negligence per se; negligence based upon reasonable foreseeability; and negligence based on assumption of duty. Plaintiff asserts any other act of negligence that may apply and exist but has not been discovered at this time but may be discovered during discovery.

18.

Defendant was negligent in that it did not maintain the walkway surface in a safe condition, did not properly warn Plaintiff of the unreasonably dangerous condition on the floor, did not properly inspect the walkway for hazardous conditions, or take steps to correct the dangerous condition.

19.

Defendant knew or in the exercise of reasonable care, should have known that Plaintiff would be subject to accident and injury from the condition on the walkway. Plaintiff was without notice and unaware of the fact said walkway was dangerous. Plaintiff used due care for her own safety when on Defendants' property, and in no manner contributed to the accident.

### NEGLIGENCE OF WAL-MART ASSOCIATES, INC

20.

Plaintiff adopts by reference the foregoing paragraphs as fully set forth herein.

21.

Contributing and/or proximate factors or causes of the serious injuries of the Plaintiff caused by the negligence of Defendant Wal-Mart Associates, Inc. include, but are not limited to, the failure to maintain their property in a manner which is reasonably safe for public use; failure to inform guests including Plaintiff of the unsafe area where she slipped by means of markings and/or caution of any type; failure to hire and maintain an inadequate amount of

FILED
LAMAR COUNTY   JUL 24 2017   CIRCUIT CLERK

personnel; failure to hire, supervise and maintain proper safety on the property; failure of the proper owner to provide adequate instruction and supervision of the floor crew as well as management and employees, and creating and enabling the unsafe conditions of the Sam's Club property in general; failure to adequately maintain and perform safety on the property; allowing the walkways to be inadequately safe, maintained, monitored, cleaned, and failed to instruct its employees to check the walkways for any faults; failure to place a warning cone or warning sign or provide a warning to guests in the area of the water on the walkway; failure to follow its policy and procedure regarding cleaning, maintenance and monitoring the floors for defects and/or liquids; strict liability; negligence per se; negligence based upon reasonable foreseeability; and negligence based on assumption of duty. Plaintiff asserts any other act of negligence that may apply and exist but has not been discovered at this time but may be discovered during discovery.

22.

Defendant was negligent in that it did not maintain the walkway surface in a safe condition, did not properly warn Plaintiff of the unreasonably dangerous condition on the floor, did not properly inspect the walkway for hazardous conditions, or take steps to correct the dangerous condition.

23.

Defendant knew or in the exercise of reasonable care, should have known that Plaintiff would be subject to accident and injury from the condition on the walkway. Plaintiff was without notice and unaware of the fact said walkway was dangerous. Plaintiff used due care for her own safety when on Defendants' property, and in no manner contributed to the accident.

FILED

LAMAR COUNTY   JUL 24 2017   CIRCUIT CLERK

## NEGLIGENCE OF WAL-MART STORES EAST, LP

FILED
LAMAR JUL 24 2017 CIRCU
COUNTY           CLER

24.

Plaintiff adopts by reference the foregoing paragraphs as fully set forth herein.

25.

Contributing and/or proximate factors or causes of the serious injuries of the Plaintiff caused by the negligence of Defendant Wal-Mart Stores East, LP, include, but are not limited to, the failure to maintain their property in a manner which is reasonably safe for public use; failure to inform guests including Plaintiff of the unsafe area where she slipped by means of markings and/or caution of any type; failure to hire and maintain an inadequate amount of personnel; failure to hire, supervise and maintain proper safety on the property; failure of the proper owner to provide adequate instruction and supervision of the floor crew as well as management and employees, and creating and enabling the unsafe conditions of the Sam's Club property in general; failure to adequately maintain and perform safety on the property; allowing the walkways to be inadequately safe, maintained, monitored, cleaned, and failed to instruct its employees to check the walkways for any faults; failure to place a warning cone or warning sign or provide a warning to guests in the area of the water on the walkway; failure to follow its policy and procedure regarding cleaning, maintenance and monitoring the floors for defects and/or liquids; strict liability; negligence per se; negligence based upon reasonable foreseeability; and negligence based on assumption of duty. Plaintiff asserts any other act of negligence that may apply and exist but has not been discovered at this time but may be discovered during discovery.

26.

Defendant was negligent in that it did not maintain the walkway surface in a safe condition, did not properly warn Plaintiff of the unreasonably dangerous condition on the floor,

did not properly inspect the walkway for hazardous conditions, or take steps to correct the dangerous condition.

27.

Defendant knew or in the exercise of reasonable care, should have known that Plaintiff would be subject to accident and injury from the condition on the walkway. Plaintiff was without notice and unaware of the fact said walkway was dangerous. Plaintiff used due care for her own safety when on Defendants' property, and in no manner contributed to the accident.

### NEGLIGENCE OF JOHN DOES 1-3

28.

Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

29.

John Does 1-3 are alleged store staff, or other owners, managers or operators of Sam's Club who may have negligently acted or otherwise been a contributing cause to the injuries of the Plaintiff. John Does 1-3 may have been employed or acting as stores employees or other staff or owners and on the property at the time Plaintiff was inured. John Does 1-3 will be named when and if they are located and found to be party to this cause.

30.

At the time of the serious injuries of the Plaintiff, all Defendants had failed to fulfill their joint, several, and/or collective duties of providing ordinary, reasonable maintenance of the Sam's Club property and to take other such reasonable precautions or measures to protect invitees from foreseeable harm and danger, including the harm suffered by the Plaintiff.



FILED
LAMAR COUNTY JUL 24 2017 CIRCUIT CLERK

## DAMAGES

31.

As a direct and proximate result of the above and foregoing acts and omissions on the part of the Defendants, and without any negligence of the Plaintiff, she received injuries including, but not limited to her back, left leg, left knee and other injuries to her muscular, skeletal, and nervous systems. Plaintiff has incurred medical and is currently treating with physicians and is expected to continue to require future medical treatment for her injuries. Plaintiff has also suffered severe emotional, mental and physical pain ans suffering from this incident. Plaintiff reasonably anticipates future damages proximately caused by said negligence of Defendants, including future medical expenses, future pain, suffering and mental anguish, permanent physical impairment, permanent disfigurement, and other damages.

## CLAIMS FOR RELIEF

32.

Plaintiffs adopt and incorporate by reference the foregoing paragraphs.

FILED
LAMAR COUNTY JUL 24 2017 CIRCUIT CLERK

33.

Defendants, individually, jointly and severally, owed to Plaintiff an ordinary duty of care. Defendants breached said duty owed to the Plaintiff and were negligent by failing to reasonably inspect, monitor and make safe the premises from the foreseeable harm suffered by the Plaintiff, including the failure to properly maintain and perform upkeep on the Sam's Club property.

34.

As a result and proximate consequence of the Defendants' negligence, breach of their duty of care, the Plaintiff suffers physical pain and injuries, ongoing chronic pain, as well

as, emotional pain and suffering and can reasonably be expected to incur further physical and emotional pain and suffering in the future. Plaintiff, therefore, is entitled to all damages of every type and variety that are permitted by law, including but not limited to, past/present/future physical and mental pain ans suffering; past/present/future medical expenses, and lost wages. Plaintiff is further entitled to other general damages as well as punitive damages.

WHEREFORE PREMISES CONSIDERED, the Plaintiff demands a trial by jury and judgement from Defendants Wal-Mart Stores Inc. d/b/a Sams Club, Sam's East Inc. and John Does 1-3 jointly and severally for actual, compensatory, consequential and incidental damages in an amount exceeding the jurisdictional minimal limits of this Court for compensatory damages and for punitive damages including all expenses and costs of this civil action, and such other general relief as the Court and jury deem just.

RESPECTFULLY SUBMITTED,
Ericka Pearson, Plaintiff

BY: _____
MATT NEWMAN

R. PAUL WILLIAMS, III (MSB #102345)
MATT NEWMAN (MSB#103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
Post Office Box 23785
Jackson, Mississippi 39225
Tel:   (601) 949-5080
Fax:   (601) 949-3358

FILED
LAMAR COUNTY   JUL 24 2017   CIRCUIT CLERK