**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| ERICKA PEARSON, | * |
| | * |
|    Plaintiff, | * |
| | * |
| vs. | *    CASE NO. 2:17-CV-144-KS-MTP |
| | * |
| WAL-MART STORES, INC., d/b/a SAM'S | * |
| CLUB; SAM'S EAST, INC.; WAL-MART | * |
| ASSOCIATES, INC.; WAL-MART STORES | * |
| EAST, LP; AND JOHN DOES 1-3. | * |
| | * |
|    Defendants. | * |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    COME NOW the Defendants, Wal-Mart Stores, Inc. d/b/a/ Sam's Club, Sam's East, Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores East, L.P., (collectively "Sam's"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure, file this their Motion for Summary Judgment, and in support thereof would show unto the Court as follows, to-wit:

    1. On August 1, 2014, Plaintiff Erica Pearson fell while exiting Sam's Store # 6503 in Hattiesburg, MS. Plaintiff alleges that she slipped and fell in a puddle of water that had formed outside of the store exit between the crosswalk and the parking lot. Plaintiff alleges that the water was "dirty" and had an "algae-like feel to it."

    2. The water Plaintiff fell in was rainwater that originated from two drainpipes that exited the side of the building. The drainpipes connected to a series of drains on the roof of the entrance and exit vestibules at the front of the store. The roof was designed so that rain water would flow through the drains and out of the drainpipes near ground level and then flow away from the building. As

1

the water flowed out of the drainpipes it formed a puddle in a half-inch deep depression between the concrete crosswalk and the parking lot pavement.

3. Wal-Mart is entitled to summary judgment as Plaintiff has failed to establish that the puddle in the parking lot was an unreasonably dangerous condition under Mississippi law. Rather, it was nothing more than a "normally encountered danger" that one might reasonably expect to find outside on the premises of a business. *See Jones v. Wal-Mart Stores East, LP*, 187 So. 3d 1100, 1104 (Miss. Ct. App. 2016); *Parker v. Wal-Mart Stores, Inc.*, 261 Fed.Appx. 724, 726-727 (5th Cir. 2008). There was nothing unusual or extraordinary about the puddle and it was not concealed in any way. Moreover, Plaintiff cannot offer any evidence of prior (or subsequent) incidents that support her contention that the puddle posed a hazard to Sam's customers.

4. Assuming, *arguendo*, that Plaintiff's allegation that the puddle in the parking lot contained algae is sufficient to create an issue of fact as to whether it constituted a dangerous condition, Wal-Mart is still entitled to summary judgment. Plaintiff cannot establish that Sam's created the dangerous condition (i.e., algae) or had actual/constructive knowledge of its existence.

5. Wal-Mart's Motion for Summary Judgment, is based upon all pleadings on file in this matter and the following evidentiary Exhibits:

(A) Excerpts of the Deposition of Plaintiff Erica Pearson;

(B) Excerpts of the Deposition of Paula Pearson;

(C) Expert report of Mark Williams;

(D) Excerpts of the Deposition of Myra Catlett;

(E) Excerpts of the 30(b)(6) Deposition of Sam's;

(F) Post-incident photograph of Plaintiff's fall;

(G) Sam's store video of Plaintiff's fall;

(H) Expert report of Traci Campbell;

(I) Excerpts of the Deposition of Mark Williams.

WHEREFORE, PREMISES CONSIDERED, the Defendants Wal-Mart Stores, Inc. d/b/a/ Sam's Club, Sam's East, Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores East, L.P., pray that this Court find their Motion well-taken and enter an Order granting summary judgment as to the Plaintiff's Complaint and all allegations contained therein.

RESPECTFULLY SUBMITTED, this the 21st day of December, 2018.

*s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET MS 8840
wpd@delmar-law.com
NATHAN L. BURROW MS 102865
nlb@delmar-law.com
Attorneys for Defendants

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day December 21, 2018, served a copy of the foregoing pleading upon counsel as listed below via CM/ECF:

Matt Newman, Esq.
Williams, Newman, Williams, PLLC
Post Office Box 23785
Jackson, MS 39225
matt@wnwlegal.com

<i>s/ W. Pemble DeLashmet</i><br>
OF COUNSEL