# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ERICKA PEARSON**                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 2:17-CV-144-KS-MTP**

**WAL-MART STORES, INC.,** *et al.*                            **DEFENDANTS**

## ORDER

Defendant filed a Motion to Alter, Amend, or Vacate [71] the Court's Memorandum Opinion and Order [70][1] denying Defendant's Motion to Exclude the Expert Testimony of Mark Williams [51]. The Court **denies** the motion.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182, n. 2 (5th Cir. 2012). Defendant's motion was filed more than twenty-eight days after the Court entered its Memorandum Opinion and Order [70]. Therefore, Rule 60(b) applies.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] *See Pearson v. Wal-Mart Stores, Inc.*, 2019 WL 2373201 (S.D. Miss. June 5, 2019).

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). The only subsection potentially applicable here is Rule 60(b)(6).

A party may obtain relief under Rule 60(b)(6) for "any other reason than those contained in the preceding five enumerated grounds of Rule 60(b)." *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012). Rule 60(b)(6) provides "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773-74 (5th Cir. 1995). A motion under Rule 60(b)(6) is only granted where the initial ruling was "manifestly unjust," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993), and "extraordinary circumstances are present." *Peyton Place*, 62 F.3d at 774.

Defendant argues that the Court erred in its previous opinion, disagreeing with the Court's ruling. The Court rejects Defendant's arguments for the same reasons previously provided. Therefore, Defendant has not demonstrated that the

Court's ruling was "manifestly unjust," or that there are "extraordinary circumstances" warranting relief from the Court's ruling. The Court **denies** Defendant's Motion to Alter, Amend, or Vacate [71].

SO ORDERED AND ADJUDGED this 23rd day of July, 2019.

/s/   Keith Starrett<br>
KEITH STARRETT<br>
UNITED STATES DISTRICT JUDGE